FILED
2017 Nov-14 AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **FRANK H. EATON, JR.,** | ) | |
| **on behalf of himself and all others** | ) | |
| **similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **UNITED REPAIR PLANS, LLC;** | ) | |
| **MARATHON FINANCIAL, INC.;** | ) | |
| **AGW COMPANY, LLC; and** | ) | |
| **ROYAL ADMINISTRATION** | ) | |
| **SERVICES, INC.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Frank H. Eaton, Jr. ("Eaton" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants United Repair Plans, LLC; Marathon Financial, Inc.; AGW Company, LLC and Royal Administration Services, Inc. to (1) stop their practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of consumers nationwide without their prior express consent, (2) stop their practice of placing calls to telephone numbers listed on the National Do Not Call Registry, (3) enjoin Defendant from continuing to place such calls to consumers, and (4) obtain redress for all persons injured by its conduct.  Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.     Defendant United Repair Plans, LLC is an independent agent company that offers to consumers extended warranties for their automobiles administered by Marathon Financial, Inc., AGW Company, LLC and Royal Administration Services, Inc.

2.     Unfortunately for consumers, Defendants aggressive attempts to sell its products and services (namely extended automobile warranties) involves an unlawful telemarketing campaign through which they make, or have their agents make on their behalf and with their knowledge, robocalls and unsolicited telemarketing calls to telephone numbers listed on the National Do Not Call Registry.

3.     Defendants and/or their agents failed to obtain prior express written consent from consumers to make such telephone calls and therefore have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4.     The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case.  Defendants and/or their agents made these calls despite the fact that neither Plaintiff nor the other members of the Class (defined below) provided Defendants with prior express written consent to receive such calls.

5.     Some or all of the calls made by Defendants were made utilizing an ATDS, as defined in 47 U.S.C. §227(a)(1), and/or an artificial or prerecorded voice to deliver a message aimed at Plaintiff.   When Plaintiff would answer the calls there would often be a silence, sometimes with a click or a beep-tone, before a prerecorded or artificial voice start speaking.  This is a tell-tale indication that the call was placed through an ATDS.

6.      The calls by Defendants to Plaintiff were made without his prior express consent. Defendants knew or should have known that Plaintiff had given no prior express consent for the calls and/or that any prior consent had been revoked.

7.      In response to Defendants unlawful conduct, Plaintiff filed the instant lawsuit seeking injunction requiring Defendants to cease all unsolicited calling activities as well as an award of statutory damages to the members of the Classes as provided under the TCPA.

8.      State law claims are also brought under the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8-19c-1 – 12.

## PARTIES

9.      Plaintiff Franklin H. Eaton, Jr., is a natural person and a resident of Northport, Tuscaloosa County, Alabama.

10.     Defendant United Repair Plans, LLC ("URP") is a foreign limited liability company formed and existing under the laws of the State of Missouri with its principal place of business located to 3216-1 Rue Royale, St. Charles, MO 63301.  Defendant conducts business throughout this District, the State of Alabama, and the United States.

11.     Defendant Marathon Financial, Inc. ("Marathon") is a company incorporated and existing under the laws of the State of Florida with its principal place of business located to 777 Yamato Ave, Suite 30, Boca Raton, FL 33431.

12.     Defendant AGW Company, LLC ("AGW") is a Florida limited liability company with its principal place of business located to 2229 Joan Avenue, Panama City Beach, FL 32408.

13.     Defendant Royal Administration Services, Inc. ("Royal") is a company incorporated and existing under the laws of the State of Florida with its principal place of business located at 51 Mill Street, Bld. F, Hanover, MA 02339.

3

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because they conduct a significant amount of business transactions within this District, and the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

15.     This court has supplemental jurisdiction under 28 U.S.C. § 1367(b) over Plaintiff's state law claims because the Complaint also makes claims under federal statutes which confer original jurisdiction.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business transactions with this District and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District. Venue is also proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

17.     Defendant URP is an agent company for Defendants Marathon, AGW and Royal who offer consumers extended warranties for their automobiles.

18.     Unfortunately for consumers, Defendants on their own and/or through their agents, have turned to a tried and true, albeit unlawful, method of reaching new customers: unsolicited telemarketing.

19.     Specifically, Defendants and/or their agents place thousands of outbound telemarketing calls each day to consumers in Alabama and nationwide.  Many of these calls are placed to numbers that are listed on the National Do Not Call Registry.

20.     These calls are made for the express purpose of soliciting the purchase of services or products from or though Defendants, including extended automobile warranties.

4

21.    Some or all of the telemarketing calls by Defendants using an ATDS have been made intentionally, without prior express written consent, and in plain violation of the TCPA.

22.    Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can do so easily and inexpensively by "scrubbing" their call lists against the National Do Not Call Registry database.  The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

23.    To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days.  *See* 16 C.F.R. § 310.4(b)(3)(iv).

24.    Upon investigation and belief, Defendant failed to apply this readily available means, or any other method, to effectively avoid calls to numbers listed on the National Do Not Call Registry.

## FACTS SPECIFIC TO PLAINTIFF EATON

25.    Neither Plaintiff nor the other members of the proposed Classes ever provided Defendants and/or their agents with express written consent to receive the telephone calls described in this Compliant.  Defendants do not have any record of express written consent to place autodialed and/or prerecorded calls to Plaintiff or the members of the proposed Class.

26.    On January 12, 2009, Plaintiff Eaton registered his cellular telephone number XXX-XXX-4730 with the National Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls.

.

27.     On August 16, 2017, after more than 30 days of Plaintiff having registered his phone number on the Do Not Call Registry, he received a call on said number from URP, ostensibly using phone number 256-346-0481.

28.     On information and belief, the telephone number "256-346-0481" was "spoofed" and not the actual number the call was made from.

29.     When he answered said call, Plaintiff was met with a prerecorded message that explained that the call's purpose was to sell an extended warranty for Plaintiff's vehicle.  The prerecorded voice explained that it was a follow-up to the post card Plaintiff should have received through the U.S. Mail.  They identified themselves as URP Vehicle Division.  Plaintiff had not been looking for an extended warranty, nor was he interested in purchasing one, and Plaintiff hung up the phone.

30.     Upon information and belief, Plaintiff has received approximately ten calls from URP over the course of the previous four years.

31.     At no time did Plaintiff consent in writing or orally to receive calls to 4730 from Defendants.

32.     Plaintiff had no existing business relationship with Defendants at the time of the aforementioned calls and had not entered into any business transactions with Defendants or their agents within the previous eighteen months.

33.     As a result of Defendants intrusive calls, Plaintiff was inconvenienced, incurred charges for cellular telephone service, suffered harm and an invasion of his privacy.

34.     Defendants are and were aware the above-described telephone calls were being made either by it directly, or made on their behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

6

35.     As a result of Defendants' conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 per violation of the TCPA.

36.     Because each of the unlawful calls were made intentionally, willfully and/or knowingly by Defendants, an award of statutory damages of should be increased to as much as $1,500.00 per violation of the TCPA.

## CLASS ALLEGATIONS

37.     **Class Definitions:** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes of similarly situated individuals, defined as follows:

> **Do Not Call Class**: All individuals in the United States who during the four years prior to the filing of the initial complaint in this action: (1) received more than one telephone call made by or on behalf of Defendants within a 12-month period; (2) promoting Defendants products or services; (3) at a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call; (4) where such individual had not entered into any purchase or transaction with Defendant within the 18 months immediately preceding such calls; and (5) where neither Defendants nor their agents had any current record of express consent to place such calls at the times such calls were made.

> **Robocall Class**: All individuals in the United States who during the four years prior to the filing of the initial compliant in this action who (1) received a telephone call made by or on behalf of Defendants; (2) promoting Defendants products or services; (3) where such call featured an artificial or prerecorded voice; and (4) where neither Defendants nor its agents had any current record or prior express written consent to place such call at the times such call was made.

> **Alabama Telephone Solicitations Act**
> All Alabama Citizens who during the two years prior to the filing of the initial compliant in this action who (1) received a telephone call made by or on behalf of Defendants; (2) promoting Defendants products or services; (3) where Defendants utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called; and/or (4) where neither

7

Defendants nor their agents had any current record of prior express written consent to place such call at the times such call was made; and/or (5) where Defendants called a telephone number that had been registered with the National Do Not Call Registry for at least 30 days at the time of each call.

38.    The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) the legal representatives, successors, or assigns of any such excluded persons; and (5) Plaintiff's counsel and Defendant's counsel.

39.    **Numerosity:** The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the Classes. Members of the Classes can be identified through Defendant's records.

40.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**The Do Not Call Class:**

a)    Whether Defendants conduct violated the TCPA and/or the ATSA;

b)    Whether Defendants and/or their agents made more than one telephone call within a 12-month period to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days, at the time of each

call);

c)      Whether Defendants and/or their agents systematically made such telephone calls to consumers who did not previously provide Defendants or their agents with prior written express consent to receive such calls; and

d)      Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendants' conduct.

**Robocall Class:**

a)      Whether Defendants conduct violated the TCPA;

b)      Whether Defendants and/or their agents systematically made telephone calls to consumers who did not previously provide Defendants or their agents with prior express consent to receive such telephone calls;

c)      Whether Defendants telephone calls featured an artificial or prerecorded voice; and

d)      Whether Plaintiff and the members of the Robocall Class are entitled to treble damages based on the willfulness of Defendants conduct.

**Alabama Telephone Solicitations Act Class:**

a)      Whether Defendants conduct violated the ATSA;

b)      Whether Defendants and/or their agents utilized a method to block or otherwise circumvent the use of a caller identification service of the person being called;

c)      Whether Defendants and/or their agents systematically made telephone calls to consumers who did not previously provide Defendants or their agents with prior express consent to receive such telephone calls;  and

d)      Whether Defendants called an Alabama Citizen's telephone number that

9

had been registered with the National Do Not Call Registry for at least 30 days at the time of each call.

41.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendants uniform wrongful conduct toward Plaintiff and each of the other members of the Classes.

42.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Classes, and has retained counsel competent and experienced in complex class actions.  Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

43.    **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

44.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants actions.

Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

**COUNT ONE**
**Violation of 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Do Not Call Class)**

45.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.    47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

47.    The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

48.    47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless

telephone numbers to the extent described in the Commission's Report and Order, CG Docket No.

02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection

Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

49.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any

call for telemarketing purposes to a residential telephone subscriber unless such person or entity

has instituted procedures for maintaining a list of persons who request not to receive telemarketing

calls made by or on behalf of that person or entity. The procedures instituted must meet the

following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person

---

[1] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

50.     Defendants and/or their agents intentionally made more than one unsolicited telemarketing call to Plaintiff and members of the Do Not Call Class within a 12-month period without having prior express written consent to place such calls. Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days. Plaintiff and members of the Do Not Call Class did not provide consent to receive such telemarketing calls from Defendants or their agents and/or neither Defendants nor their agents have any record of consent to place such telemarketing calls to Plaintiff or the members of the Do Not Call Class.

51.     Defendants violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be initiated for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls.

52.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the Do Not Call Class received more than one telephone call in a 12-month period made by or on

behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants conduct as alleged herein, Plaintiff and the members of the Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

53.    To the extent Defendants misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the Do Not Call Class.

## COUNT TWO
### Violation of 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the Robocall Class)

54.    Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

55.    Defendants and/or their agents made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Robocall Class—without their prior express consent—in an effort to sell products and/or services.

56.    These calls featured artificial and/or prerecorded voices.

57.    By having unsolicited telephone calls made to Plaintiff's and the Robocall Class members' telephones without prior express written consent, and by using artificial and/or prerecorded voices when placing such calls, Defendants violated 47 U.S.C. § 227(b)(1)(B).

58.    As a result of Defendants unlawful conduct, Plaintiff and the members of the Robocall Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

59.    To the extent Defendants misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

14

## COUNT THREE
## ALABAMA TELEPHONE SOLICITATIONS ACT

60.     Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

61.     This count is a stated under the Alabama Telephone Solicitations Act ("ATSA"), Ala. Code 8-19C-1 – 12.

62.     By registering with the Do Not Call registry as alleged above, plaintiff has given notice of his objection to receiving telephone solicitations within the meaning of Ala. Code 8-19C-2(a).

63.     Defendants have violated the ATSA by making telephone solicitation calls to plaintiff's telephone line after plaintiff's notice of his objection to receiving such calls.  This is a violation of Section 18-19C-2(a).

64.     Defendants have also violated the ATSA by knowingly utilizing a method to block or otherwise circumvent the use of caller identification service thereby obscuring the source of the solicitation calls made to plaintiff.  This is a violation of Ala. Code § 8-19C-5(b).

65.     Plaintiff has received multiple telephone solicitation calls within a 12-month period by or on behalf of the defendants in violation of Section 8-19C-2(a) and/or Section 8-19C-5(b).

66.     Plaintiff has suffered actual damages as a result of the defendant's violation of the ATSA, as setout above.

67.     The defendants knowingly made the violating calls to the plaintiff's telephone line. The defendants knew or should have known that the plaintiff has provided notice of his objection to receiving such calls at the number called.  Therefore, the violation of the ATSA were known violations and the plaintiff is entitled to recovery for actual damages and/or statutory damages as provided in Section 8-19C-7.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Frank H. Eaton, Jr. individually and on behalf of the Classes, prays for the following relief:

1.    An order certifying the Classes as defined above, appointing Plaintiff Frank H. Eaton, Jr. as the Class Representative for the Classes, and appointing his counsel as Class Counsel for the Classes;

2.    An award of up to two thousand dollars ($2,000.00) for each violation of the ATSA;

3.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

4.    Enhanced statutory damages for willful and/or knowing violations of up to $1,500.00 for each violation of the TCPA;

5.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

6.    A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

7.    A declaratory judgment that Defendants' used an artificial or prerecorded voice;

8.    An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

9.    An order requiring Defendants to identify any third-party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

16

10.     An injunction requiring Defendants to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Classes;

11.     An injunction prohibiting Defendants from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

12.     An injunction prohibiting Defendants from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

13.     An injunction prohibiting Defendants from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

14.     An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

15.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

16.     Such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
Kenneth J. Riemer
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
251.990.5558 (Telephone)
251.990.0626 (Facsimile)
epunderwood@alalaw.com
kjr@alaconsumerlaw.com

17

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by struck jury on all claims so triable before the Court.

/s/ Earl P. Underwood, Jr.

Please serve Defendants as follows:

**United Repair Plans, LLC**
Mueller Prost PC
1034 S. Brentwood Blvd., Suite 1700,
St. Louis, MO 63117

**Marathon Financial, Inc.,**
Michael L. Reger
777 Yamato Ave. Suite 300
Boca Raton, FL 33431

**AGW Company, LLC**
Gary A. Walsingham
2229 Joan Ave.
Panama City Beach, FL 32408

and

**Royal Administration Services, Inc**.
Corporation Services Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104